UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 10-238-KSF

RAVEN KEITH ANDERSON                                                          PLAINTIFF

vs.                               **OPINION AND ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY                                 DEFENDANT

\* \* \* \* \* \* \* \*

This matter is before the Court on Plaintiff's Motion for Summary Judgment to reverse the decision of the Commissioner denying benefits to Plaintiff and Defendant's Motion for Summary Judgment in support of the Commissioner's Decision. This Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence and was made pursuant to proper legal standards.

I.     **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed an initial application for disability insurance and Supplemental Security Income benefits on April 15, 2008, claiming disability since January 29,2008 [TR 100]. This claim was denied initially and upon reconsideration by the agency, then by Administrative Law Judge ("ALJ") Letchworth, and then by the Appeals Council. Having exhausted his administrative remedies, Plaintiff has filed a timely action in this Court. This case is now ripe for review under 42 U.S.C. § 405 (g).

Plaintiff was 38 years old at the time that he filed his claim and was 40 years old at the time of ALJ Letchworth's decision [TR 5, 16]. Plaintiff has at least a high school education [TR 107]. Plaintiff has past relevant work experience as a carpet mill worker, coal mine electrician, and

painter [TR 126]. Plaintiff claims disability due to back injury, hiatal hernia, irritable bowel syndrome, and headaches [TR 125].

ALJ Letchworth found that Plaintiff had severe degenerative disc and joint disease, borderline intellectual functioning, pain, and depressive disorder, but that he did not have an impairment or combination of impairments listed in, or medically equal to one listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 [TR 10-11]. ALJ Letchworth further found that Plaintiff's subjective complaints of pain were not fully credible [TR 14-16].

The ALJ determined that despite Plaintiff's limitations, he retained the residual functional capacity (RFC) to perform light work with the following exceptions: no more than occasional climbing stairs/ramps, balancing, stooping, kneeling, crouching, or crawling, or any climbing ladder/ropes/scaffolding; no exposure to vibration, unprotected heights and hazards, or temperature extremes; no more than frequent operation of foot controls; no greater than simple tasks and instructions in an object-focused work setting; no more than casual contact with other persons, no more than occasional changes in the work setting and no highly stressful work including production rate and quota work [TR 13]. Based upon the testimony of vocation expert Dr. James Miller, the ALJ found that Plaintiff could perform a variety of jobs that exist in significant numbers within the national economy that require a light level of work activity [TR 17]. Dr. Miller mentioned at the hearing, and ALJ Letchworth in his opinion, jobs as a cleaner, hand packer, production worker, and small part inspector, as those which Plaintiff would be capable of performing given his RFC and limitations [TR 17, 47-48]. These findings led the ALJ to find Plaintiff not disabled as defined in the Social Security Act [TR 18].

In this appeal, Plaintiff challenges ALJ Letchworth's determination that Plaintiff is not disabled as not supported by substantial evidence [DE# 6-1, p.2]. He further challenges that the Commissioner failed to prove that Plaintiff has the RFC to perform light work. *Id.*

## II. ANALYSIS

### A. Standard of Review

"Disability" is defined as "the inability to engage in 'substantial gainful activity,' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Commissioner of Social Security,* 502 F.3d 532, 539 (6th Cir. Sept. 24, 2007); 42 U.S.C. § 423(d)(1)(A). In determining whether a claimant has a compensable disability under the Social Security Act, the Commissioner must follow a five-step "sequential evaluation process." 20 C.F.R. § 404.1520(a)-(e); *Walters v. Commissioner of Social Security*, 127 F.3d 525, 529 (6th Cir. 1997). Those five steps were summarized in *Walters* as follows:

1. If the claimant is doing substantial gainful activity, he is not disabled.

2. If the claimant is not doing substantial gainful activity, his impairment must be severe before he can be found disabled.

3. If the claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.

4. If the claimant's impairment does not prevent him from doing past relevant work, he is not disabled.

5. Even if the claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

*Id.* "[D]uring the first four steps, the claimant has the burden of proof; this burden shifts to the Commissioner only at Step Five." *Id.*

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and whether the proper legal standards were followed. *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence is more than a scintilla of evidence but less than a

preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *Id.* "Even if the evidence could also support another conclusion, the decision of the Administrative Law Judge must stand if the evidence could reasonably support the conclusion reached." *Her v. Commissioner of Social Security*, 203 F.3d 388, 389-90 (6th Cir. 1999).

      **C.**      **The Commissioner's Decision that Plaintiff Retains the Residual Functional Capacity to Perform a Reduced Range of Light Work is Supported by Substantial Evidence**

The Plaintiff has the ultimate burden of establishing that he is entitled to benefits by proving that he has a disability as defined in 42 U.S.C. § 423(d)(1)(A). *Born v. Secretary of Health and Human Services*, 923 F.2d 1168, 1173 (6th Cir. 1990).

It should be noted that the Commissioner does not have the duty to prove that Plaintiff has a given residual functional capacity, but rather it is the duty of the Plaintiff to prove the extent of his impairments. The Sixth Circuit explained in *Her:* "Although the Commissioner has the burden at step five of producing vocational evidence that jobs which claimant can perform exist in significant numbers, it remains the claimant's burden to prove the extent of his functional limitations." *Her,* 203 F.3d 388 at 391. The court further explained, "To require the Commissioner to prove a claimant's RFC at step five is essential to partially shift the burden of proof required of a claimant at step four to the Commissioner." *Id.* at 392. Therefore, Plaintiff cannot succeed in claiming that the Commissioner failed to prove that he has the residual functional capacity to perform light work. This leaves the overarching question of whether the Commissioner's decision that Plaintiff can still perform a reduced range of light work is supported by substantial evidence.

In this case, ALJ Letchworth found in favor of the Plaintiff in the first four steps of the five-step evaluation process. He found that the Plaintiff was not engaged in substantial gainful activity

since the date that he alleges he became disabled, that his impairments were severe but did not equal one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1, and that he was unable to perform any past relevant work [TR 10-16]. He concluded that Plaintiff could perform a reduced range of light work, at which point the Commissioner had the burden of proving that there were a significant number of jobs that he could perform given his RFC. The ALJ concluded, based on the vocational expert's testimony, that a sufficient number of jobs Plaintiff could perform did indeed exist and that he was therefore not disabled [TR 17]. Plaintiff challenges that the ALJ's RFC determination was not supported by substantial evidence and is, therefore, invalid.

The ALJ did acknowledge that Plaintiff has a number of severe impairments, including degenerative disc and joint disease of the lumbar, thoracic, and cervical spine; borderline intellectual functioning; pain disorder; and major depressive disorder [TR 10]. However, a finding of disability does not depend on the name of a condition, but rather on the functional limitations caused by that condition which prevent a claimant from engaging in any work available in the national or regional economy. 20 C.F.R. §§ 404.1520 (d)-(f), 416.920(d)-(f).

Plaintiff notes that consultative examiners Dr. Hoskins and Ms. Moore both reported physical and mental functional limitations that would prevent him from being able to work if accepted as true. However, the conclusions of consultative examiners do not enjoy the deferential status and weight accorded to treating source opinions. 20 C.F.R. §§ 404.1527(d), 416.927(d). *Smith v. Commissioner of Social Security*, 482 F.3d 873 (6th Cir. 2007).

ALJ Letchworth explained why he did not accept the functional limitations reported by Dr. Hoskins and Ms. Moore. The ALJ noted that Dr. Hoskins' October 2008 opinion [TR 454-64] was based primarily on Plaintiff's subjective statements [TR 15]. A physician opinion that is based on Plaintiff's subjective complaints rather than objective testing or examination may be properly discounted by an ALJ. 20 C.F.R. Part 404, Subpart P, Appendix 1, Part A, 1.00D. Furthermore,

5

Dr. Hoskins' October 2008 opinion was very different from his conclusions in a September 2008 medical report. This earlier report was consistent with the ALJ's RFC determination [TR 516-25], and indicated that Plaintiff could lift up to 35 pounds but restricted him from continuous sitting for more than two hours, heavy pushing, pulling, or carrying, and prolonged or repetitive overhead work [TR 520]. The ALJ properly resolved the conflict between Dr. Hoskins' September 2008 and October 2008 reports by not giving any weight to the unsupported determinations of the October 2008 report. 20 C.F.R. §§ 404.1527, 416.927.

Ms. Moore reported mental functional limitations which would prevent Plaintiff from performing any work [TR 436-45]. The ALJ declined to give her conclusions any weight, determining that they were not supported by the rest of the evidence and Plaintiff's self-reported activities of daily living were greater than those anticipated by Ms. Moore's restrictions [TR 9-11]. The Commissioner may consider a claimant's level of daily activity when making disability determinations. 20 C.F.R. §§ 404.1529, 416.929. *Warner v. Commissioner of Social Sec.*, 375 F.3d 387, 392 (6th Cir. 2004) Plaintiff took care of his four children, who ranged in age from five to fifteen, without the assistance of his ex-wife. He drove two hours to the hearing, prepared one to two meals per day and shopped for groceries on a weekly basis [TR 11]. He also interacted with his mother daily and took his children to the doctor as needed [TR 22-26, 359-60]. Ms. Moore's report also conflicts with the report of Dr. Bennett, who reported less restrictive functional limitations in Plaintiff [TR 363].

The ALJ noted that Plaintiff's mental and physical treatment regimens were conservative in nature. Conservative treatment undermines a claim for disability. 20 C.F.R. §§ 404.1529(c)(3)(v), 416.929(c)(3)(v).

Where, as here, an ALJ's decision regarding disability is supported by substantial evidence in the record as a whole, it must be affirmed. *See Cornette v. Secretary of Health and Human*

*Services,* 869 F.2d 260, 263 (6th Cir. 1988).

III. **CONCLUSION**

The Court, being otherwise fully and sufficiently advised, **HEREBY ORDERS**:

1. Plaintiff's Motion for Summary Judgment [DE #6] is **DENIED.**

2. The Commissioner's Motion for Summary Judgment [DE #7] is **GRANTED**.

3. Judgment in accordance with this opinion will be entered contemporaneously herewith.

This August 1, 2011.

Signed By:

*Karl S. Forester* KSF

United States Senior Judge